UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
SEP - 5 2008
Clerk, U.S. District and Bankruptcy Courts

---

ANGELINA BROWN
907 Barnaby Street, SE
Washington, DC

    Plaintiff,

v.

PSI SERVICES, INC.
770 M Street, SE
Washington, DC 20003

    Defendant.

Case: 1:08-cv-01539
Assigned To : Bates, John D.
Assign. Date : 9/5/2008
Description: Employ. Discrim.

**JURY ACTION**

---

## COMPLAINT

1. This is a suit brought pursuant to Section 703 of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. §2000e, et.seq. at §§2000e-2 (hereinafter called Title VII) to redress sex discrimination. Plaintiff is seeking damages against her former employer for discriminating against her because of her sex by terminating her employment after she called in to say that she would not be able to work because her daughter was ill.

2. Jurisdiction of this Court is invoked pursuant to 42 U.S.C §2000e-5.

3. Venue is appropriate under 42 U.S.C §2000e-5 because this is the judicial district in which the cause of action arose and discriminatory practices occurred.

4. Plaintiff is commencing this action within 90 days after receiving her right to sue authorization from the EEOC and she has timely exhausted all administrative requirements for bringing this claim.

## THE PARTIES

5.      The plaintiff, Ms. Angelina Brown (hereafter referred to as Plaintiff), is a resident of the District of Columbia who was employed by Defendant at all times relevant in the District of Columbia. At all times relevant hereto, plaintiff was an employee of the defendant, as defined under §701(f) of Title VII, 42 U.S.C. §2000e-(f).

6. Defendant, PSI Services, Inc. (hereafter referred to as Defendant), is a for profit company doing business in the District of Columbia, providing caretaker services to the government entities for retarded and disabled individuals who qualify for such services. Defendant employs more than 100 employees. At all times relevant to this complaint, the defendant was an employer as defined under §701(b) of Title VII, 42 U.S.C. §2000e-(b).

## FACTS

7. Plaintiff, Angelina Brown, is a 38 year old African American female.

8. Plaintiff has worked for Defendant as a resident counselor since June 2004. She performs duties associated with caring for disabled and severely retarded individuals who cannot care for themselves. Plaintiff performed her duties well and was given a performance increase in pay in 2006.

9. On September 4, 2007, Plaintiff's daughter was ill and she could not take her to the day care center because of her illness. Plaintiff called in well before the start of her shift to say that she could not report for duty that day because her daughter was ill.

10. On September 5, 2007, Plaintiff's daughter was still ill, but she was able to get a friend to watch her daughter while she went to work.

11. On September 6, 2007, Plaintiff's daughter was still too sick to be taken to the day care center and Plaintiff called in well before the start of her shift to report the problem.

When she called her house manager, Mr. Wright, to report that she would not be able to report for work that day because she could not find anybody to take care of her sick daughter, he urged her to look harder and call him back in one half hour. Plaintiff called her daughter's father, but he could not leave work early that day to care for sick child. Plaintiff therefore again attempted to call Mr. Wright back, as directed, but his voice mail was not picking up. She therefore called another house manager to report the problem that she was having calling Mr. Wright back and left the message that she still could not locate anybody to attend to her sick daughter.

12. Plaintiff continued to work her scheduled shift from September 7, 2007 through September 14, 2007 without incident. However, on the latter date she was notified by Defendant that she was being terminated for abandoning her client on September 6, 2007, by not showing up for work.

13. Under Defendant's policies, employees are entitled to use sick leave to attend to a sick child. Plaintiff still had sick leave available and she took the proper steps to notify her supervisor prior to the start of her shift.

14. Plaintiff attempted to appeal her termination through the internal appeal processes. However, when Defendant did not respond, she notified the Defendant's Head of Human Resources that she was going to file a complaint with the EEOC and would need a termination letter. Defendant sent her a letter postmarked on October 10, 2007, but which is dated September 14, 2007, indicating that she was being fired because she did not call in her absence on September 6, 2007. However, as noted above, Plaintiff had called in her absence twice, well before the start of her scheduled shift on September 6, 2007.

15. Defendant treated a male coworker of Plaintiffs, Chris Coleman (African American male), much more favorably. Plaintiff has had to cover Mr. Coleman's assigned client in addition to her own on several occasions because Mr. Coleman could not make it into work because he could not get a babysitter for his children. There were occasions that Mr. Coleman did not call in at all and did not appear for his scheduled work shift, but he was not terminated.

16. Plaintiff suffered terribly because of her discriminatory termination. She was unable to keep up her mortgage payments and her credit was ruined. She suffered severe anxiety over the possible loss of her home and being unable to pay her bills.

## CLAIMS

### SEX DISCRIMINATION IN VIOLATION OF TITLE VII

17. The plaintiff incorporates by reference paragraphs 1 through 16 above.

18. The defendant's decision to terminate plaintiff under the circumstances as set forth in the paragraphs above discriminated against him because of her gender in violation of §703 of Title VII, 42 U.S.C. §2000e-2.

19. The defendant's actions were taken with malice toward, and/or in reckless indifference to, the plaintiff's federal rights.

20. As a result of the defendant's violations of Title VII, the plaintiff suffered a loss of employment, lost compensation and fringe benefits, and other rights and privileges of her employment.

21. As a result of the defendant's violations of Title VII, the plaintiff suffered emotional pain, mental anguish, humiliation and loss of enjoyment of life.

## RELIEF REQUESTED

WHEREFORE, Plaintiff asks this court to grant her the following relief:

1. Issue an order declaring that the defendant has violated the plaintiff's rights under Title VII;

2. Issue an order directing the defendant to reinstate the plaintiff to the position she would have held were it not for the discrimination against her and provide her full back pay and/or front pay and other benefits related to her employment;

3. Issue an order directing the defendant to pay the plaintiff compensatory damages for the emotional pain, mental anguish, humiliation and loss of enjoyment of life she suffered because of the defendant's discrimination in violation of Title VII;

4. Issue an order directing the defendant to pay the plaintiff punitive damages for its violations of Title VII;

5. Issue an order directing the defendant to pay the plaintiff pre- and post-judgment interest on the amounts owed to her;

6. Issue an order directing the defendant to pay the plaintiff her costs incurred in this action, including reasonable attorneys' fees;

7. Issue an order directing the defendant to take such other actions as are necessary to carry out the remedial purposes of the law.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial with regard to all issues to which she is entitled to a trial by jury.

FOR THE PLAINTIFF,

/s/ James L. Kestell
James L. Kestell   DC 955310
jlkestell@cox.net
Michael Deeds DC 466815
mikedeeds@juno.com
Kestell & Associates
209 Midvale Street
Falls Church, VA 22046-3510
Ph:  703 237-2912
Fax: 703 237-4321